COMMONWEALTH
FOR HARRIS
vs.
TEAL, &c.

Wherefore, the judgment is affirmed.

SHY and BECK, ROBINSON and JOHNSON for the plaintiff; HARLAN, Attorney General, for the commonwealth.

---

## Commonwealth for Harris *vs.* Teal, &c.

ERROR TO BATH CIRCUIT.                                          Case 10.

1. Though a constable be appointed in a district in which he did not reside at the time of his appointment, yet, if he give bond as such, and incur liabilities as constable, he and his sureties are liable upon the bond, as a common law bond.

2. Suits upon constables bonds for official defalcations, may be brought in the name of the commonwealth, for the use of the person injured, according to sec. 60 of the Code of Practice.

Judge SIMPSON delivered the opinion of the court.                June 15.

Henry C. Harris brought this action in the name of the commonwealth, for his use and benefit, against Teal and his sureties, on a constable's bond executed by them.  It appeared in evidence upon the trial, that Teal, as constable, had collected a debt due to Harris, but that in the year 1847, when he was appointed constable, he did not reside in the district in which he was appointed, although in a short time thereafter, the district was extended by the county court so as to embrace his residence within its limits. This fact having been relied upon by the sureties in

Case stated.

their answer to the plaintiff's petition, was deemed by the court to be a good ground of defense to the action, so far as they were concerned, and a judgment was rendered in their favor. The bond sued on, was executed in 1848, some four months after the appointment was made. Its execution was caused by a motion for counter security, which had been made by the surety in the previous bond. Whether its execution occurred before or after the extension of the district by the county court, the testimony did not show.

By an act passed in 1844, (*Sess. Acts*, 1843–4, *page* 88,) it was enacted, "that no person shall be appointed constable in any district, unless such person shall have been a citizen of the district at least six months next before his appointment;" and the act declares any appointment made contrary to its provisions, null and void.

1. Though a constable be appointed in a district in which he did not reside at the time of his appointment, yet, it he give bond as such, and incur liabilities as constable, he and his sureties are liable upon the bond, as a common law bond.

It is obvious, that under the provisions of this act, the appointment of Teal, as constable, was null and void, and that the bond sued upon is not valid as a statutory bond. But it does not necessarily ensue, that it is not obligatory as a common law bond on the parties who executed it. It was entered into voluntarily, and by its execution, Teal was enabled to assume the character, and act in the capacity of constable, and thus get into his hands the money of the plaintiff. This constitutes a sufficient consideration to uphold the bond; and public policy, instead of prohibiting, requires the adoption of the principle that makes such bonds binding on all the obligors, both principal and sureties. This principle has been frequently recognized and adopted by this court in analogous cases, and its application in the present case is peculiarly proper.

2. Suits upon constables' bonds for official defalcations may be

It is contended however, that by the Code of Practice, sec. 57, this action should have been brought in the name of Harris, and not in the name of the commonwealth. But we think this case is embraced by sec. 60, and is therefore expressly excepted from the

operation of the rule adopted by sec. 57, which requires every action to be prosecuted in the name of the real party in interest.

Wherefore, the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.

HAZLERIGG for plaintiff; RAND and FARROW for defendant.